ACEVEDO *v.* UNKNOWN HEIRS OF RAFOLS.

APPEAL from the District Court of Aguadilla.

No. 820.—Decided June 28, 1912.

NATURAL CHILDREN—ACTION TO CLAIM FILIATION—ESSENTIAL ALLEGATION |OF COMPLAINT TO CLAIM FILIATION.—In accordance with Law 11 of Toro, in order that a person may be acknowledged as a natural child it is necessary that the parents should have been able to marry *lawfully and without dispensation* at the time of the conception or birth of the child. This is, therefore, an essential requisite which must be alleged in all complaints to claim filiation filed in accordance with said law. The complaint filed in this case not containing such allegation the judgment appealed from dismissing the complaint should be affirmed.

The facts are stated in the opinion.
*Mr. Alfredo Blasco Pagán* for appellant.
The respondent did not appear.
MR. JUSTICE ALDREY delivered the opinion of the court.

On May 5, 1911, Ernesto Acevedo filed a complaint in the District Court of Aguadilla against the unknown heirs of José Leopoldo Rafols y Tarrío, in which he alleged that he was 22 years of age and that he was the illegitimate son of Juana Acevedo and José Leopoldo Rafols y Tarrío, by whom he had always been held, publicly and privately, as his child, and who had maintained him during his minority, also supporting his mother, and that his said father died unmarried in the year 1908. The complaint concluded with the prayer that he be declared the acknowledged natural child of José Leopoldo Rafols y Tarrío.

Service of the summons was made by publication on the unknown heirs of said José Leopoldo .Rafols y Tarrío, and there appeared Juan, Teodomiro, and Elena Tarrío, who demurred to the complaint and filed no further allegations in this case nor appeared at the trial. The plaintiff during the trial introduced the evidence which he saw fit and the court afterwards rendered judgment, dismissing the complaint with costs, and the same has been appealed from by the plaintiff, Ernesto Acevedo.

The court below based its decision dismissing the complaint upon two grounds, as appears from the statement of the case made by it, to wit: That the complaint did not contain sufficient facts to constitute a cause of action, and that, at any rate, the evidence did not show the existence of a deliberate intention of acknowledging the child.

The plaintiff, Ernesto Acevedo, was born in 1889, when Law 11 of Toro was in force, under whose provisions, in order to entitle a person to be acknowledged as a natural child, it was required that the parents could be married *legally without dispensation* at the time of the birth or of the conception. This is an essential averment that should be alleged in every complaint prosecuting an action of filiation, and thus it already has been decided by this Supreme Court in the case of the *Estate of Eladio Díaz* v. *Estate of Lucas Díaz,* 17 P. R. R., 53, in which we held:

"* * * This action is not prosecuted for the purpose of establishing the legal status of the plaintiff, but such legal status must be presumed as existing by setting forth in the complaint such words as 'children of the acknowledged natural child of the said Lucas Díaz.' If the identity of the present action were to be established with a suit for acknowledgment, then the complaint would be fatally defective, because it fails to allege the capacity of the parents to contract matrimony and how the acknowledgment was made."

The complaint herein does not contain such averment, and therefore it does not allege sufficient facts to constitute a cause of action.

For these reasons the judgment should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.